ERIC GRANT
United States Attorney
ZACHARY RAY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>CHRISTOPHER WILLIAM PEPLOW,<br>Defendant. | CASE NO. 2:26-CR-0181-DC<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: Nov. 13, 2026<br>TIME: 9:30 a.m.<br>COURT: Hon. Dena M. Coggins |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on Nov. 13, 2026.

2. By this stipulation, defendant now moves to continue the status conference until Jan. 15, 2027, and to exclude time between Nov. 13, 2026, and Jan. 15, 2027, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

a) The government has represented that the discovery associated with this case includes over several hundred pages of discovery, audio/videos files, and data obtained from several extractions of devices in the FBI's possession available for counsel's inspection. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b) Counsel for defendant desires defense counsel additional time to continue her investigation, review discovery, and evaluate issues relevant to mitigation. Defense counsel is still reviewing the initial discovery provided after arraignment. Counsel has not yet had an opportunity to examine the discovery in the FBI's possession. Defense counsel requires additional time to further review discovery, analyze this material, consult with his client, and explore pretrial resolutions.

c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d) The government does not object to the continuance. This is the first continuance.

e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of Nov. 13, 2026 to Jan. 15, 2027, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///

///

///

///

///

///

///

///

///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: November 4, 2026

ERIC GRANT
United States Attorney

/s/ ZACHARY RAY
ZACHARY RAY
Assistant United States Attorney

Dated: November 4, 2026

/s/ CLEMENTE JIMENEZ
CLEMENTE JIMENEZ
Counsel for Defendant
CHRISTOPHER WILLIAM PEPLOW

## ORDER

IT IS HEREBY ORDERED, the court, having received, read and considered the parties' stipulation filed on November 4, 2026 (Doc. No. 16), and good cause appearing therefrom, APPROVES the parties' stipulation. Accordingly, the Status Conference scheduled for November 13, 2026, is VACATED and RESET for January 15, 2027, at 9:30 a.m. in Courtroom 10 before the Honorable Dena M. Coggins. The time period between November 13, 2026, and January 15, 2027, inclusive, is excluded from computation of time within which the trial of this case must be commenced under the Speedy Trial Act pursuant to 18 U.S.C.§ 3161(h)(7)(A), and B(iv) [Local Code T4], as the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant(s) in a speedy trial.

IT IS SO ORDERED.

Dated: **November 6, 2026**

Dena Coggins
United States District Judge